(38 Misc. Rep. 407.)

## In re FONDA.

(Surrogate's Court, Saratoga County. July, 1902.)

l. ADMINISTRATION OF ESTATES—PROOF OF CLAIM—WAIVER OF DEFENSE.

Where an administratrix rejects a claim against the estate, and no action is brought thereon within six months after its rejection, and within that time she files a written consent that the surrogate may determine the claim on her judicial settlement, she thereby waives a defense, under Code Civ. Proc. § 1822, providing that in default of such an action within six months a claimant is forever barred from enforcing payment, and the creditor may compel her to account, though he did not, until after the six months, file his written consent that the surrogate might determine the claim.

In the matter of the estate of Cornelius Fonda, deceased. Petition for an accounting granted.

A petition was presented to the surrogate by Schuyler C. Brown, who claimed to be a creditor of the deceased, stating, among other things, that more than 18 months had elapsed since letters of administration of the goods, etc., of said deceased were issued to Susannah T. Clapp, and praying for a citation requiring her to show cause why she should not render and settle her account of her proceedings as such administratrix. A citation was issued accordingly, and the administratrix appeared and filed an answer to the petition, in which she alleged that the petitioner presented his claim to her in writing on the 5th day of December, 1900; that she disputed and rejected the claim on the 17th day of January, 1901; that on the 18th day of June, 1901, she filed a consent with the surrogate that the claim should be heard and determined by him upon the judicial settlement of her accounts, and served a copy of such consent upon the petitioner on the 19th day of June, 1901, but the petitioner did not file a consent on his part within six months after such rejection. Upon the hearing the facts alleged in the answer of the administratrix were established, and the additional fact that on the 24th day of March, 1902, the petitioner filed with the surrogate a consent that the claim should be heard and determined upon the judicial settlement of the accounts of the administratrix. She now insists that the petitioner's claim is barred by the short statute of limitations, and that he has no standing to maintain a proceeding to compel her to render and settle an account of her proceedings as administratrix of the above-named decedent.

Hiram C. Todd, for petitioner.

James W. Verbeck, for administratrix, opposed.

LESTER, S. It is provided by section 1822 of the Code of Civil Procedure that, where an administrator rejects a claim against the estate of a decedent, unless a written consent shall be filed by the respective parties with the surrogate that such claim may be heard and determined by him upon the judicial settlement of the account of such administrator, the claimant must commence an action for the recovery thereof within six months after the dispute or rejection; in default whereof he and all the persons claiming under him are forever barred from maintaining such an action thereupon, and from every other remedy to enforce payment thereof out of the decedent's property. It will be observed that by the provisions of the section,

unless a consent is filed by the respective parties, the claimant is barred from his remedy. The counsel for the administratrix argues that this consent must be filed by both parties within six months after the claim is rejected. The statute does not provide thus in express terms, but the counsel for the administratrix argues that such is the implication of the language employed. This statute, however, which is in derogation of the ordinary rights and remedies of a claimant, must be strictly construed. It will not do to take away such rights and remedies by implication. Nor is any special reason seen why the court should yield to such an implication. The administratrix, within the period of six months after her rejection of the claim, consented that the surrogate should hear and determine it upon the judicial settlement of her account. She might have withheld her consent until the expiration of six months, and in that case the claimant might have lost his remedy; but she did not adopt such a course. She voluntarily consented on her part. If, at the time of the judicial settlement, no such consent by the claimant should be on file, jurisdiction to hear and determine the claim would not be conferred upon the surrogate since the consent of the respective parties is required; but, the consent having been given by the administratrix, I am unable to see any good reason why the claimant may not, at any time before the final accounting, file his consent, and thus confer jurisdiction upon the surrogate at that time to hear and determine the claim. I am therefore of the opinion that the claim of the petitioner is not barred by the statute, but that he has a right to call upon the administratrix to account. The petitioner may therefore have an order directing the administratrix to render and file an account of her proceedings on or before the 30th day of July, 1902, and to attend from time to time before the surrogate for the purpose of such accounting.

Ordered accordingly.